# EXHIBIT G

<table>
<tr><td>

DISTRICT COURT, DENVER, COLORADO
1437 Bannock St.
Denver, CO 80202

</td><td>

DATE FILED: February 21, 2013

</td></tr>
</table>

| | |
|---|---|
| **Plaintiffs:**<br><br>RICHARD HUGGINS and TERI HUGGINS<br><br>v.<br><br>**Defendants:**<br><br>MEDTRONIC, INC., a Minnesota corporation, MEDTRONIC SOFAMOR DANEK USA, INC., a Tennessee corporation, GEORGE FREY, M.D., an individual and DOES 1 through 10 | COURT USE ONLY<br><br>Case Number: 12CV40<br><br>Courtroom:  376 |

**COURT'S ORDER RE: DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR ORAL ARGUMENT**

This matter is before the Court pursuant to Defendants Medtronic Inc.'s and Medtronic Sofamor Danek USA, Inc.'s (collectively "Medtronic") Motion to Dismiss and Request for Oral Argument, filed August 28, 2012. The Court having reviewed the Motion, the file and being fully advised Finds and Orders as follows:

**I.       Background**

Plaintiffs allege Richard Huggins was injured following a spinal surgery because the doctor used Medtronic's liquid bone protein ("rhBMP-2") without a Medtronic LT-Cage. Plaintiffs allege the FDA did not approve Medtronic's rhBMP-2 component without an LT-Cage and Medtronic negligently and unlawfully promoted the rhBMP-2 component for off-label use without the required LT-Cage.  Plaintiffs also allege Medtronic misrepresented the safety of rhBMP-2, which was not approved by the FDA, and failed to warn about the risks of its use. Plaintiffs seek to impose liability on Medtronic based on violations of "applicable FDCA and FDA regulations." Compl. ¶¶ 96.

Medtronic alleges Plaintiff's state tort claims are expressly and implicitly preempted by federal law under 21 U.S.C. § 360k(a) and/or prohibited by the Food, Drug and Cosmetic Act ("FDCA") under 21 U.S.C. § 337(a).  Medtronic also alleges Plaintiffs' fraud claims are not pleaded with sufficient particularity.

1

## II.     Standard of Review

In assessing a C.R.C.P. 12(b) motion, a court must accept all matters of material fact in the complaint as true and view the allegations in the light most favorable to the plaintiff and may grant the motion only if the plaintiff's factual allegations cannot support a claim as a matter of law. *Asphalt Specialties, Co. v. City of Commerce City,* 218 P.3d 741 (Colo. App. 2009).

A complaint need not express a complete recitation of all facts that support the claim, but need only serve notice of the claim asserted. *Elliott v. Colo. Dep't of Corr.,* 865 P.2d 859, 861 (Colo App. 1993). C.R.C.P. 9(b) only requires that claims identify circumstances constituting fraud. *State ex rel. Suthers v. Mandatory Poster Agency, Inc.,* 260 P.3d 9, 13 (Colo. App. 2009).

State tort claims are preempted when they would impose any requirement that is "different from" or "in addition to" those imposed through the Premarket Approval process. *Riegel v. Medtronic, Inc.,* 552 U.S. 312, 327-28 (2008)(citing 21 U.S.C. § 360k(a)). Thus, § 360 does not prevent a State from providing a damages remedy for claims premised on a violation of FDA regulations; the state duties in such case "parallel," rather than add to, federal requirements. *Id.* at 330; *Bausch v. Stryker Corp.,* 630 F.3d 546, 558 (7th Cir. 2010).

"The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the medical devise provisions" of federal law. *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341, 349 (2001)(citing 21 U.S.C. § 337(a)).

## III.     Conclusions of Law

The Court finds Plaintiffs allege sufficient facts to withstand C.R.C.P. 12(b) analysis. Plaintiffs' claims against Medtronic are not expressly or impliedly preempted by federal law as they are premised on conduct that allegedly violates "applicable FDCA and FDA regulations" and thus parallels federal requirements. Because Plaintiffs' fraud claims identify sufficient facts supporting each claim, the Court finds the claims are plead with sufficient particularity.

Accordingly, Medtronic's Motion to Dismiss and Request for Hearing is DENIED.

DATED this 21 day of February 2013

BY THE COURT:

Herbert L. Stern, III
District Court Judge

CC:     Counsel of Record by e-filing

2