WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristina Ramirez,<br><br>Plaintiff,<br><br>v.<br><br>Medtronic Incorporated, a Minnesota corporation; and Medtronic Sofamor Danek USA Incorporated, Defendants,<br><br>Defendant. | No. CV-13-00512-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Reconsideration (Doc. 56), for the reasons stated below, the motion is denied. Nevertheless, to the extent that the Court did not sufficiently distinguish *Perez* in its order on the motion to dismiss, the Court makes the following clarification.

In bringing its motion for clarification, Medtronics essentially acknowledges that it is not raising a new matter, but nevertheless respectfully asserts that this Court misperceives the actual import of *Perez v. Nidek Co., Ltd.,* 711 F.3d 1109 (9th Cir. 2013). With its motion for reconsideration, Medtronics provides the Court with the appellate briefs and the complaint in the lower court in *Perez* to assert that the Ninth Circuit Panel had before it the question of whether pre-emption covered of off-label uses of FDA approved products that were promoted by their manufacturers as well as on-label uses of medical devices approved by the FDA. Thus, Medtronics asserts that *Perez* should be read to stand for the proposition that federal law pre-empts any liability for medical product manufacturers who actively promote the off-label use of their approved FDA

1 products. Because Infuse was approved by the FDA for some treatments, Medtronics
2 asserts that it cannot be held liable for any off-label use of Infuse that it actively
3 promoted. With all due respect, *Perez* cannot be read so broadly.

4 As this Court determined in its order denying the motion to dismiss, the basis of
5 the *Perez* Court's decision does not relate to whether the manufacturer or other parties of
6 the medical product involved in *Perez* were promoting off-label uses. Rather, the basis of
7 the Court's decision is that none of the Plaintiffs alleged that they suffered any injury as a
8 result of the off-label use of the medical product at issue in that case—a surgical
9 procedure involving a laser to treat farsightedness. Further, none of the Plaintiffs alleged
10 that the laser surgery was ineffective in treating their farsightedness. ("[Plaintiff] does
11 not allege any injury stemming from surgery. Nor does [Plaintiff] claim that his or any
12 other surgery was ineffective.") *Id*. at 1112. Their claims resulted "solely because the
13 Food and Drug Administration ("FDA") status of the device was not disclosed to them."
14 *Id.* at 1111.

15 In affirming the District Court's dismissal of the California common law claims
16 based on both express and implied pre-emption, the Court re-affirmed that, in light of the
17 absence of any injury, or any claim that the surgery was ineffective, the putative class
18 claimants' common law causes of action, were at their core, merely a claim that would
19 have required the laser manufacturer, health care facilities, and physicians to issue
20 warnings not required by the FDA and the Medical Device Amendments. "The theory is
21 that the defendants misled the proposed class by failing to disclose that the Laser was not
22 FDA approved for hyperopic [farsightedness] surgeries even though Nidek and the
23 doctors knew or should have known that the proposed class members believed the Laser
24 was FDA approved for such surgeries." *Id.* at 1117.

25 In its analysis the *Perez* court noted that "the MDA does not preempt a state-law
26 claim for violating a state-law duty that parallels a federal-law duty under the MDA."
27 Nevertheless, even in the case of such parallel claims, the MDA preempted any
28 requirement that "is different from, or in addition to, any requirement applicable under

this chapter to the device." Because the gravamen of the claims was not one for injury or even for the ineffectiveness of the surgery, the Defendants were merely seeking, through the auspices of state law, to require a warning in circumstances in which the FDA and the MDA did not require a warning. The claim was thus pre-empted by federal law.

Further, the *Perez* court held that a state law claim that merely sought to impose additional warnings to those required by a federal regulatory scheme that was already being enforced by the FDA was impliedly pre-empted because it was analogous to the *Buckman* claim that the Defendants were committing fraud on the FDA. But, the Court further noted:

> Although [Plaintiff] is not barred from bringing *any* fraud claim related to the surgeries, he cannot bring a claim that rests solely on the non-disclosure to patients of facts tied to the scope of PMA approval. While courts have acknowledged that some fraud and false advertising claims related to FDA status may go forward, Perez cites to no case where a court has allowed a plaintiff to bring suit solely for failure to disclose lack of FDA approval.

*Id.* at 1119-20.

Unlike *Perez,* here Plaintiff is not seeking to use state law merely to have it impose a disclosure obligation on manufacturers that is not required by federal law in the absence of other real damage to the Plaintiff. Ms. Ramirez alleges specific harm attributable to the off-label use of the device which off-label uses were actively promoted by Medtronics in various ways. The complaint alleges that off-label uses of Infuse by physicians made up close to 90% of the $800 million dollars in revenue that Infuse generated in 2011, that it had consulting agreements with physicians who promoted the off-label uses of Infuse, including the surgeon that performed the unsuccessful surgery on the Plaintiff. To read *Perez* as constituting a blanket pre-emption on all off-label uses of an FDA approved product that has been actively promoted by a manufacturer for off-label uses, seems to run contrary to the specific language in *Perez,* that provides that "although [Plaintiff] is not barred from bringing *any* fraud claim related to the surgeries,

1 he cannot bring a claim that rests solely on the non-disclosure to patients of facts tied to the scope of PMA approval." Here Ramirez does not assert such a claim, but asserts a claim based on real physical injury to herself and the further assertion of an ineffective surgical procedure.

Further to read *Perez* to pre-empt all claims against manufacturers who actively promote the off-label use of products approved by the FDA for other uses would provide manufacturers with not just a shield, but a sword through which they could, with impunity, promote unapproved uses of approved products in ways that might be profitable but extremely dangerous to the public, and this for product uses that are not subjected to the use-specific specifications mandated by the FDA and for which pre-emption should apply.  While *Perez* does seem to stand for the proposition that when the Plaintiff suffered no injury from the off-market use of an approved product promoted by a manufacturer any claim against a manufacturer is pre-empted, nothing in *Perez* stands for the proposition that so long as a manufacturer's product has been approved for any use, the manufacturer may promote off-label uses with impunity.

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted).  Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments.  *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor should such motions ask the Court to "rethink what the court has already thought through–rightly or wrongly." *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  The Court has already thought through the claim that *Perez*

1 prevents at least some of the claims asserted here. At the motion to dismiss stage, this
2 Court rejected that contention. While this motion for reconsideration has allowed the
3 Court to re-examine the issue and state its distinction with more clarity, the result is the
4 same. The Motion for Reconsideration is denied.

**IT IS HEREBY ORDERED** that the Motion for Reconsideration (Doc. 56) is denied.

Dated this 24th day of October, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge